UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____

LISA S. BEAN,                                    Civ. No. 12-5127 (NLH/KMW)

           Plaintiff,

                                    **OPINION**

   v.

STATE OF NEW JERSEY
JUDICIARY, et al.,

           Defendants.

_____

**APPEARANCES:**
F. Michael Daily, Jr., Esquire
F. Michael Daily, Jr., LLC
Sentry Office Plaza
216 Haddon Avenue
Suite 100
Westmont, New Jersey 08108
    *Attorney for Plaintiff Lisa S. Bean*

Kelly A. Samuels, Esquire
State of New Jersey
Office of the Attorney General
Division of Law
25 Market Street
P.O. Box 112
Trenton, New Jersey 08625
    *Attorneys for Defendants State of New Jersey, State of New*
    *Jersey Judiciary, Superior Court of New Jersey – Camden*
    *Vicinage, Michael O'Brien, James Grazioli, and Peter Cupo*

**HILLMAN, District Judge**

    This matter comes before the Court by way of motion [Doc.

No. 7] by Defendants State of New Jersey, State of New Jersey

Judiciary, Superior Court of New Jersey – Camden Vicinage, Michael O'Brien, James Grazioli, and Peter Cupo (collectively, the "Defendants") seeking to dismiss Plaintiff's complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and 12(b)(6) for failure to state a claim upon which relief can be granted.  Plaintiff opposes the motion to dismiss with respect to several counts, but concedes that several other counts should be dismissed.  The Court has considered the parties' submissions and decides this matter pursuant to Federal Rule of Civil Procedure 78.

For the reasons expressed below, Defendants' motion will be granted in part and denied without prejudice in part.


I.   **<u>JURISDICTION</u>**

Plaintiff brings this action pursuant to 42 U.S.C. § 2000e <u>et</u> <u>seq.</u> and 42 U.S.C. § 1983 alleging violations of Title VII of the Civil Rights Act of 1964 and violations of her constitutional rights.  Plaintiff also brings this action pursuant to the New Jersey Law Against Discrimination, and asserts various other state law claims.  This Court exercises jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. § 1331, and over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

II.   **BACKGROUND**

Plaintiff is a forty-five year old, African-American woman employed by the Superior Court of New Jersey for the Camden Vicinage in the court's Bail Unit.  (Compl. ¶¶ 8, 14, 16.)  At the time Plaintiff filed the complaint in this case on August 15, 2012 she was proceeding <u>pro</u> <u>se</u> and her complaint named the following Defendants: (1) the State of New Jersey Judiciary, Camden Vicinage; (2) Peter Cupo; (3) Michael O'Brien; and (4) Jim Grazioli.[1]  (Compl. [Doc. No. 1] ¶¶ 9-12.)

In the complaint, Plaintiff asserts the following six counts: (1) Count I for alleged violations of Title VII; (2) Count II for race discrimination in violation of the New Jersey

---

[1]   The numbered paragraphs of Plaintiff's complaint name only these four Defendants.  However, the caption of Plaintiff's complaint appears to also name the State of New Jersey and the Superior Court of New Jersey as Defendants.  (Compl. 1.)  In the motion to dismiss, the Office of the Attorney General of the State of New Jersey asserts that it represents the following Defendants: the State of New Jersey, State of New Jersey Judiciary, Superior Co12urt of New Jersey – Camden Vicinage, Michael O'Brien, James Grazioli, and Peter Cupo. These inconsistencies appear to be the result of Plaintiff's attempt to sue her employer, the Superior Court of New Jersey – Camden Vicinage.  To the extent that she improperly named any Defendants or named too many Defendants, the Court resolves the issue <u>infra</u> and will permit Plaintiff to amend the complaint to name the proper Defendants.

Law Against Discrimination ("NJLAD"); (3) Count III for purported "malicious acts"; (4) Count IV for deprivation of her Fourteenth Amendment rights in violation of Section 1983; (5) Count V for "Eq[ua]l Protection" similarly asserting that Defendants were motivated by racial animus and deprived Plaintiff of her rights to equal protection under the laws in violation of Section 1983; and Count VI for intentional infliction of emotional distress.

The claims asserted in Plaintiff's <u>pro se</u> complaint apparently arise from her involvement in a separate Title VII action brought in 2006 by Plaintiff's former co-worker, Flavia Stoval, against three of the same Defendants Plaintiff sued here, including the State of New Jersey Judiciary, Peter Cupo, and Michael O'Brien. That case, captioned <u>Flavia Stoval v. State of New Jersey Judiciary, et al.</u>, Docket No. 1:06-cv-05683-RMB-JS, (hereinafter, "the <u>Stoval</u> action"), similarly alleged claims for Title VII violations, race discrimination under the NJLAD, "malicious acts", deprivation of Stoval's constitutional right to equal protection of the laws pursuant to Section 1983, and intentional infliction of emotional distress.

Plaintiff alleges that her involvement with respect to the <u>Stoval</u> action consisted of Plaintiff informing an EEOO Investigator from the Administrative Office of the Courts that

4

Defendant Peter Cupo made statements constituting emotional and verbal abuse to Flavia Stovall in approximately 2003. (Compl. ¶ 17.)  Plaintiff also alleges that she spoke with an investigator from the Philadelphia District Office of the EEOC regarding the complaint that Ms. Stovall had filed against Defendants Peter Cupo, Michael O'Brien, and non-defendant, Jeffery Weisemen sometime in 2007, noting that she directly observed instances of discrimination against Ms. Stovall by management.  (Id. ¶ 18.) Plaintiff contends that as a result of her involvement in the Stovall action, she was later retaliated against by Defendants, and further contends that Defendants discriminated against her based on her race, age, and gender.  (Id. ¶¶ 36, 40, 44.)

III. **DISCUSSION**

   A.   **Claims Remaining At Issue**

   Defendants now seek to dismiss Plaintiff's complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and 12(b)(6) for failure to state a claim upon which relief can be granted.  At the time Defendants filed the pending motion to dismiss, Plaintiff was still proceeding pro se in this action.  Plaintiff thereafter sought and obtained a thirty-day extension of time to file opposition to

the motion to dismiss. (Letter Order [Doc. No. 9] 1, Jan. 17. 2013.) Approximately ten days later, Plaintiff was able to retain counsel to represent her in this matter, and F. Michael Daily, Jr., Esquire, entered his appearance on behalf of Plaintiff prior to the opposition deadline for the pending motion. (Notice of Appearance [Doc. No. 10] 1.) Subsequently, Mr. Daily filed a brief in opposition to the motion to dismiss on behalf of Plaintiff. (See generally Br. of Pl. Lisa S. Bean in Opp'n to Mot. to Dismiss [Doc. No. 11] (hereinafter, "Pl.'s Opp'n"), 1-15.)

Proceeding with the benefit of counsel at this stage of the case, Plaintiff's opposition brief significantly narrows the claims still at issue. In her opposition, Plaintiff now acknowledges that at the time she filed her complaint, she "was unfamiliar with Eleventh Amendment Immunity which clearly bars her claims under state law and § Section 1983 against the arm of the state that employs her." (Pl.'s Opp'n 1.) Accordingly, Plaintiff does not oppose the entry of an order dismissing Counts II, III, IV, V, and VI against the State of New Jersey Judiciary, Camden Vicinage, Superior Court of New Jersey. (Id.) For similar reasons, Plaintiff also does not oppose the entry of an order dismissing those claims in the complaint brought against

state employees in their "official capacities." (Id.)  With
respect to Plaintiff's Title VII claims set forth in Count I,
Plaintiff admits that she "failed to appreciate that Title VII
creates a cause of action against employers and not the employees
whose actions or decisions result in the violations." (Id.)
Therefore, Plaintiff does not object to the entry of an order
dismissing Count I against any of the individual Defendants in
any capacity.  (Id.)

Plaintiff further concedes that she has not, and cannot,
make any factual assertions against Defendant James Grazioli, and
that an "order should be entered dismissing the entire case" as
to Mr. Grazioli.  (Id.)  To the extent Count VI of the complaint
purported to bring a claim for intentional infliction of
emotional distress, Plaintiff recognizes now that her complaint
"failed to set forth sufficient facts to establish the required
degree of egregious conduct to permit a recovery under this cause
of action." (Id. at 1-2.)  On that basis, Plaintiff does not
oppose the entry of an order dismissing Count VI.  Finally,
Plaintiff does not object to the dismissal of Count III for
"malicious acts", acknowledging that this purported Count "is
actually an averment that the acts of the employer's supervisors
were intentional and wilful as opposed to the statement of an

independent cause of action." (<u>Id.</u> at 2.)

After making these concessions, Plaintiff asserts that the following two claims should not be dismissed and should proceed in this case: (1) Count I against the State for alleged violations of Title VII; and (2) Counts IV and V against the individual Defendants, Peter Cupo and Michael O'Brien, in their individual capacities asserting a violation of Section 1983 for allegedly depriving Plaintiff of her constitutional right of equal protection under the laws.[2]

**B.    Standard of Law Governing Motions to Dismiss**

Defendants seek to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(1).  A motion to dismiss pursuant to Rule 12(b)(1) attacks the existence of subject matter jurisdiction in fact, <u>Mortensen v. First Fed. Sav. & Loan Ass'n</u>, 549 F.2d 884, 891 (3d Cir. 1977), while a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) considers whether the complaint has failed to state a claim upon which relief can be granted.  <u>Evancho v. Fisher</u>, 423 F.3d 347, 351 (3d Cir. 2005).  When considering a facial attack under Rule 12(b)(1)

_____

[2]    With respect to Counts IV and V of the original complaint, Plaintiff's opposition indicates that her Section 1983 Count and her Equal Protection Count "should be merged" into a single claim.  (<u>Id.</u> at 2.)

or a motion to dismiss for failure to state a claim under Rule 12(b)(6) the standard is the same: the court must consider the allegations of the complaint as true.  <u>Mortensen</u>, 549 F.2d at 891.

Defendants also seek dismissal of Plaintiff's complaint under Rule 12(b)(6).  When considering a motion to dismiss a complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff.  <u>Evancho v. Fisher</u>, 423 F.3d 347, 350 (3d Cir. 2005).  It is well settled that a pleading is sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).

A district court, in weighing a motion to dismiss, asks "'not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims[.]'"  <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 563 n.8 (2007) (quoting <u>Scheuer v. Rhoades</u>, 416 U.S. 232, 236 (1974)); <u>see also</u> <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 129 S. Ct. 1937, 1953 (2009) ("Our decision in <u>Twombly</u> expounded the pleading standard for 'all civil actions[.]'") (citation omitted).  The Third Circuit has

instructed district courts to conduct a two-part analysis in deciding a motion to dismiss.  Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009).

First, a district court "must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions."  Fowler, 578 F.3d at 210-11 (citing Iqbal, 129 S. Ct. at 1949).  Second, a district court must "determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'"  Fowler, 578 F.3d at 211 (citing Iqbal, 129 S. Ct. at 1950).  "[A] complaint must do more than allege the plaintiff's entitlement to relief."  Fowler, 578 F.3d at 211; see also Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) ("The Supreme Court's Twombly formulation of the pleading standard can be summed up thus: 'stating ... a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element.  This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element.") (citing Twombly, 550 U.S. at 556).

A court need not credit "'bald assertions'" or "'legal conclusions'" in a complaint when deciding a motion to dismiss.

10

In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1429-30 (3d Cir. 1997).  The defendant has the burden of demonstrating that no claim has been presented.  Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005) (citing Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991)).

However, "if a complaint is subject to a Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." Phillips, 515 F.3d at 245; see also Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004) ("We have held that even when a plaintiff does not seek leave to amend, if a complaint is vulnerable to 12(b)(6) dismissal, a District Court must permit a curative amendment, unless an amendment would be inequitable or futile."); Burrell v. DFS Servs., LLC, 753 F. Supp. 2d 438, 444 (D.N.J. 2010) ("When a claim is dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6), leave to amend and reassert that claim is ordinarily granted. ... A claim may be dismissed with prejudice, however, if amending the complaint would be futile.") (citation omitted).

IV.  **ANALYSIS**

At the outset, the Court must address some observations regarding the nature of Plaintiff's pro se complaint and the manner in which it was prepared.  The Court has undergone a thorough review of Plaintiff's pro se complaint in this case and compared it to the pro se complaint filed by Flavia Stoval, the plaintiff in the Stoval action.  Based on the Court's comparison of these documents, it is readily apparent that the two complaints are largely identical in form and substance.

The Court recognizes that in all likelihood, Plaintiff, who is untrained in the law and the drafting of sophisticated legal documents, utilized a copy of the complaint in the Stoval action as a template for the complaint she drafted and filed in this case.  In drafting her complaint, Plaintiff seems to have substituted in the names of the individuals involved here and the factual assertions she believes to be important to her specific case.  The difficulty, however, is Plaintiff's choice of the Stoval complaint as her template.  In the Stoval action, the Honorable Renee M. Bumb, United States District Judge, described the pro se complaint filed by Flavia Stoval as "poorly pled," explaining that it was "a long and extraordinarily complex complaint, which blurred relevant and irrelevant facts, as well

12

as cognizable and invalid causes of action." (Mem. & Order [Doc. No. 62] in <u>Stoval</u> action, 2 n.1.) Judge Bumb also pointed out that after Flavia Stoval retained counsel, her attorney never sought leave to amend the poorly pled complaint leading to a great deal of confusion among the parties regarding Stoval's case. (<u>Id.</u>) Judge Bumb observed that the parties "lacked a clear understanding of not only what Plaintiff's claims, in fact, were, but also of the legal and factual issues bearing upon Plaintiff's claims." (<u>Id.</u> at 2.)

As a consequence of the poorly pled complaint and the confusion it caused, Judge Bumb found that the parties' briefing at the summary judgment stage was "disorderly, piecemeal, and abstruse[.]" (<u>Id.</u>) This caused the <u>Stoval</u> court to expend "numerous hours parsing" the summary judgment briefs and required the court to hold a lengthy oral argument at which time the court "was surprised" to learn that the parties propounded yet different legal theories than those argued in the briefs. (<u>Id.</u>) Thus, as Judge Bumb noted, "the critical prerequisite to summary judgment -- <u>clarity</u> -- [was] inescapably absent." (<u>Id.</u> at 4) (emphasis in original).

Much like the complaint in <u>Stoval</u>, Plaintiff's <u>pro</u> <u>se</u> complaint in this case blurs together relevant and irrelevant

13

facts and attempts to assert some potentially cognizable claims
while simultaneously asserting a number of invalid claims.
Plaintiff's newly retained counsel, Mr. Daily, subsequently
attempted to minimize any confusion and disorder caused by the
original complaint by filing an opposition on Plaintiff's behalf
with appropriately conceded that many of Plaintiff's original
claims should be dismissed.  However, even in light of the
substantial concessions Plaintiff made with the assistance of
counsel, the Court remains genuinely concerned that proceeding in
this action with Plaintiff's <u>pro se</u> complaint as the operative
complaint could lead the Court and the parties to encounter
difficulties like those presented in the <u>Stoval</u> action given the
significant similarity between the complaints.

Moreover, Federal Rule of Civil Procedure 15(a) provides
that leave to amend a complaint should be "freely give[n] ...
when justice so requires."  FED. R. CIV. P. 15(a)(2).
Additionally, the Third Circuit has instructed that in civil
rights cases, "if a complaint is subject to a Rule 12(b)(6)
dismissal, a district court must permit a curative amendment
unless such an amendment would be inequitable or futile."
<u>Phillips</u>, 515 F.3d at 245; <u>see also</u> <u>Alston v. Parker</u>, 363 F.3d
229, 235 (3d Cir. 2004) ("We have held that even when a plaintiff

14

does not seek leave to amend, if a complaint is vulnerable to 12(b)(6) dismissal, a District Court must permit a curative amendment, unless an amendment would be inequitable or futile."). Third Circuit precedent "supports the notion that in civil rights cases district courts must offer amendment--irrespective of whether it is requested--when dismissing a case for failure to state a claim unless doing so would be inequitable or futile[.]" Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007).

As the Third Circuit has also pointed out, "[a]n amended complaint supersedes the original version in providing the blueprint for the future course of a lawsuit." Snyder v. Pascack Valley Hosp., 303 F.3d 271, 276 (3d Cir. 2002).  Therefore, to streamline this litigation and to simplify and expedite the discovery process and any further dispositive motion practice, the Court finds that the appropriate course of action in this civil rights action is to permit Plaintiff to file, through her attorney, an amended complaint with respect to her two remaining claims brought under Title VII and Section 1983.  At this early stage of the litigation, there is no prejudice to Defendants to permit amendment of the complaint because Defendants have not yet answered, the parties have not participated in an initial

scheduling conference before the Magistrate Judge in this case, nor have the parties engaged in any discovery to date.  Rather, amending the complaint now -- before any significant process has been made and with the benefit and assistance of Plaintiff's attorney – will allow all parties to this action to proceed under a properly pled complaint that more fully sets forth the factual assertions relevant only to Plaintiff's remaining claims. Amendment now will conserve the resources of both the parties and the Court by providing all involved with a clear, precise blueprint for the future course of this litigation.  Moreover, the Court finds that based on the additionally facts set forth in Plaintiff's opposition and the substantive arguments presented by Mr. Daily, permitting amendment does not appear to be futile at this time.  See Evans v. Potter, No. 1:10-CV-2557, 2011 WL 3320819, at *6 (M.D. Pa. July 15, 2011) (recommending that defendants' Rule 12(b)(6) motion be granted but also recommending that plaintiff be permitted, through counsel to amend his complaint to state a claim upon which relief may be granted where plaintiff originally filed his complaint pro se and subsequently retained counsel after defendants had moved to dismiss).

**V.   <u>CONCLUSION</u>**

For the foregoing reasons, Defendants motion to dismiss will be granted in part and denied without prejudice in part. Plaintiff, however, will be permitted to file an amended complaint within twenty (20) days of the date of this Opinion. An Order consistent with this Opinion will be entered.


Dated: <u>September 26, 2013</u>          <u> s/ Noel L. Hillman     </u>
At Camden, New Jersey          NOEL L. HILLMAN, U.S.D.J.